UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Cesario Ortega Rojas, Luis Ortega Rojas, Elsa Noemi Lara Vega, Marchelin Polanco; individually, and on behalf of all others similarly situated;

                                                Plaintiffs,

       -against-

John Racanelli, M&R Scarsdale Restaurant, LLC, d/b/a Pizza & Brew of Scarsdale, First Generation Hospitality, LLC., and Public Pizza Italian Kitchen;

                                                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

## NATURE OF ACTION

1. Plaintiffs bring this action to recover unpaid wages; liquidated damages; pre-judgment interest; reasonable attorney fees, expenses, and costs; from the Defendants, for whom the Plaintiffs performed work.

2. Plaintiffs were "back of the house" kitchen staff employed in the Defendants' restaurants. For a time prior to filing this Complaint, the Defendants willfully committed violations of 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA") and the New York Labor Law ("NYLL") by failing to keep accurate time records, failing to pay the Plaintiffs overtime wages, failing to pay a spread of hours premiums, and not providing correct wage notices and paystubs.

3. On information and belief, these violations were applied to every non-service back of the house employee who the Defendants employed for the past six years.

## JURISDICTION AND VENUE

4. This action arises under 29 U.S.C §201 et. seq., (the "Fair Labor Standards Act" or "FLSA").

5. This Court has jurisdiction under 28 U.S.C. §1331 and 29 U.S.C. § 216.

6. Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the Southern District of New York under 28 U.S.C. §1391 because the Defendants conduct business there and the cause of action arose there.

## THE PARTIES[1]

8. Plaintiff Cesario Ortega Rojas ("Cesario") resides in White Plains, New York.

9. Plaintiff Luis Ortega Rojas ("Luis") resides in California.

10. Plaintiff Elsa Noemi Lara Vega ("ELSA") resides in White Plains, New York.

11. Plaintiff Marchelin Polanco ("Marchelin") resides in Yonkers, New York.

12. Defendant M&R Scarsdale Restaurant ("M&R") is an NY domestic LLC doing business as Pizza & Brew of Scarsdale and is operating the Pizza and Brew Restaurant at 851 Central Park Ave. Scarsdale, NY 10583.

13. Defendant First Generation Hospitality, LLC. ("FGH") is an NY domestic LLC with its registered office at 360 Lexington Avenue, 12th Floor, New York, NY 10017. FFGH specializes in Italian-American cuisine and currently owns and operates three restaurants in Westchester County, New York: Pizza & Brew in Scarsdale; Via Forno Wood Fired Pizza & Vinoteca in Scarsdale; and the new Public Pizza Italian Kitchen & Wine Bar in Yonkers.

14. Defendant Public Pizza Italian Kitchen ("Public Pizza") is a restaurant operating at 193 Market Street, Yonkers, NY 10710.

15. On information and belief, Defendant John Racanelli ("Racanelli") is an individual who resides in the State of New York and owns all or part of M&R, FGH, and Public Pizza.

**Class Definition**

16. Plaintiffs bring each cause of action set forth herein as a collective action on behalf of the following class of potential opt-in litigants:

    **All current and former non-service kitchen staff who were employed by the Defendants in any workweek in the past three years ("FLSA Class").**

17. Plaintiffs reserve the right to redefine the FLSA Class prior to class certification and thereafter, as necessary.

18. Plaintiffs bring each cause of action of this lawsuit as a class action under Fed. R. Civ. P. 23, on behalf of themselves and the following class:

    **All current and former non-service kitchen staff who were employed by the Defendants in any workweek in the past six years (the "New York Class").**

19. Plaintiffs reserve the right to redefine the New York Class prior to class certification and thereafter, as necessary

20. All allegations alleged herein by Plaintiffs are alleged on behalf of the FLSA Class and NY Class defined in this Complaint, as amended.

---

[1] The captioned Plaintiffs are referred to herein jointly as the "Plaintiffs". The captioned Defendants are referred to herein as the "Defendants".

## BACKGROUND FACTS[2]

21. On information and belief, M&R operated the Pizza and Brew Restaurant located at 851 Central Park Ave, Scarsdale NY 10583.

22. On information and belief, FGH operates the Pizza and Brew Restaurant located at 851 Central Park Ave, Scarsdale NY 10583.

23. On information and belief, FGH operates Public Pizza.

24. On information and belief, Racanelli owns all or part of M&R, FGH, and Public Pizza.

25. Public Pizza is a restaurant.

26. Public Pizza is an eating or drinking place that prepares and offers food or beverage for human consumption on its premises to the public.

27. M &R is operating an eating or drinking place that prepares and offers food or beverage for human consumption on its premises to the public.

28. FGH is operating an eating or drinking place that prepares and offers food or beverage for human consumption on its premises to the public.

29. Racanelli had the ability to perform one or more of the following actions: (1) hire the Plaintiffs, (2) terminate the Plaintiffs, (3) set the Plaintiffs' wage rates , (4) maintain the Plaintiffs' payroll records, or (5) institute work rules for the Plaintiffs to follow.

30. FGH had the ability to perform one or more of the following actions: (1) hire the Plaintiffs, (2) terminate the Plaintiffs, (3) set the Plaintiffs' wage rates, (4) maintain the Plaintiffs' payroll records, or (5) institute work rules for the Plaintiffs to follow.

31. M&R had the ability to perform one or more of the following actions: (1) hire the Plaintiffs, (2) terminate the Plaintiffs, (3) set the Plaintiffs' wage rates , (4) maintain the Plaintiffs' payroll records, or (5) institute work rules for the Plaintiffs to follow.

32. Public Pizza had the ability to perform one or more of the following actions: (1) hire the Plaintiffs, (2) terminate the Plaintiffs, (3) set the Plaintiffs' wage rates , (4) maintain the Plaintiffs' payroll records, or (5) institute work rules for the Plaintiffs to follow.

33. Public Pizza is involved in an industry affecting commerce within the meaning of the FLSA.

34. M& R is involved in an industry affecting commerce within the meaning of the FLSA.

35. FGH is involved in an industry affecting commerce within the meaning of the FLSA.

36. On information and belief, M&R had annual revenues exceed $500,000 for the year 2020.

37. On information and belief, M&R had annual revenues exceed $500,000 for the year 2019.

---

[2] All allegations against the Defendants are alleged to have taken place any time during the six years immediately before filing this Complaint.

38. On information and belief, M&R had annual revenues exceed $500,000 for the year 2018.

39. On information and belief, FGH had annual revenues exceed $500,000 for the year 2020.

40. On information and belief, FGH had annual revenues exceed $500,000 for the year 2019.

41. On information and belief, FGH had annual revenues exceed $500,000 for the year 2018.

42. On information and belief, no Defendant kept accurate and sufficient payroll and time records for the Plaintiffs, as required by law.

43. On information and belief, no Defendant accurately recorded the Plaintiffs' exact daily work start time and exact daily work end time.

44. On information and belief, no Defendant maintained sufficient payroll and time records to determine the weekly pay and hours worked by any Plaintiff.

45. On information and belief, the Defendants employed each Plaintiff as an employee during the Relevant Time Period.

46. The Defendants did not hire the Plaintiffs as independent contractors while performing services for the Defendants during the Relevant Time Period.

47. The Defendants provided all of the equipment and material for the Plaintiffs to perform their job.

48. The Defendants treated the Plaintiffs as "W-2" wage earners while employed.

49. The Defendants set the Plaintiffs' work schedule, and method and rate of pay.

50. The Defendants assigned the Plaintiffs the specific job duties to which they had to perform.

51. The Plaintiffs were not free to hire other employees to work in their place to perform their job duties for the Defendants.

**PLAINTIFF Cesario Ortega Rojas**

52. Cesario started working for the Defendants in the 2013 calendar year.

53. Cesario stopped working for the Defendants in January 2020.

54. The Defendants employed Cesario as a kitchen staff employee.

55. During Cesario's tenure of employment, he worked around 55 hours each week.

56. The Defendants did not pay Cesario an overtime premium for the hours he worked over 40 hours in a workweek.

57. On information and belief, the Defendants did not pay Cesario for all hours worked each week.

58. At times, the Defendants paid Cesario a salary and at other times they paid Cesario an hourly

rate of pay. The hourly rate of pay and salary varied over the years.
59. On information and belief, throughout her tenue of employment, the Defendants did not provide Cesario with a paystub that reflected all of the hours he worked each week

### PLAINTIFF Luis Ortega Rojas

60. Luis started working for the Defendants in the 2018 calendar year.

61. Luis stopped working for the Defendants in January 2020.

62. The Defendants employed Luis as a cook.

63. The Defendants paid Luis between $13 and hour to $27 per hour over the course of his employment.

64. During Luis's tenure of employment, he worked around 60 hours each week.

65. The Defendants did not pay Luis an overtime premium for all the hours he worked over 40 hours in a workweek, although on some occasions, the Defendants paid Luis some overtime premiums.

66. On information and belief, the Defendants did not pay Luis for all hours worked each week.

67. On information and belief, throughout her tenue of employment, the Defendants did not provide Luis with a paystub that reflected all of the hours he worked each week.

### Plaintiff Elsa Noemi Lara Vega

68. Elsa started working for the Defendants in the 2016 calendar year.

69. Elsa stopped working for the Defendants in March 2020.

70. The Defendants employed Elsa as a kitchen staff employee.

71. The Defendants paid Elsa $14 per hour, except around $11 an hour her first month of employment, and after December 1, 2018 the Defendants increased her pay rate to $23 per hour.

72. During Elsa's tenure of employment, she worked around 65 hours each week.

73. The Defendants did not pay Elsa an overtime premium for all the hours she worked over 40 hours in a workweek.

74. On information and belief, the Defendants did not pay Elsa for all hours worked each week.

75. On information and belief, throughout her tenue of employment, the Defendants did not provide Else with a paystub that reflected all of the hours she worked each week.

### Plaintiff Marchelin Polanco

76. Marchelin started working for the Defendants in the 2013 calendar year.

77. Marchelin stopped working for the Defendants in June 2015.

78. The Defendants employed Marchelin as a kitchen staff employee.

79. The Defendants paid Marchelin $13 per hour.

80. During Marchelin's tenure of employment, he worked around 55 hours each week.

81. The Defendants did not pay Marchelin an overtime premium for all the hours he worked over 40 hours in a workweek.

82. On information and belief, the Defendants did not pay Marchelin Elsa for all hours worked each week.

83. On information and belief, throughout her tenue of employment, the Defendants did not provide Marchelin with a paystub that reflected all of the hours he worked each week.

## Collective Action Allegations

84. Plaintiffs bring this lawsuit under 29 U.S.C §216(b) as a collective action on behalf of the FLSA Class defined above.

85. Plaintiffs desire to pursue their FLSA claims on behalf of any individuals who opt-in to this action under 29 U.S.C. §216(b).

86. Plaintiffs and the FLSA Class are "Similarly Situated", as that term is used in 29 U.S.C.§216(b), because, inter alia, all such individuals worked as food service workers, tipped employees, and kitchen staff employees under the Defendants' previously described common pay practices, and because of such practices, they were not paid the full and legally-mandated minimum wage for hours worked, overtime premiums, and spread of hours premiums. Resolution of this action requires inquiry into common facts, including, inter alia, the Defendants' common compensation, timekeeping and payroll practices.

87. Specifically, the Defendants typically paid Plaintiffs and the FLSA Class by using an unlawful tip credit, failing to provide employees with proper notices of the pay structure, failing to pay employees the proper direct wage, failing to pay employees overtime and minimum wage, failing to pay a spread of hours premium and not maintaining proper record of employee work hours.

88. The Similarly-Situated employees are known to the Defendants, are readily identifiable, and may be located through the Defendants' records and the records of any payroll company that the Defendant uses. The Defendants employ FLSA Class Members in the State of New York. These similarly-situated employees may be readily notified of this action through direct U.S mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the collective adjudication of their claims for overtime compensation, liquidated damages, interest, and attorneys' fees and costs under the FLSA.

## Class Action Allegations

89. Plaintiffs bring this action as a class action under Fed. R. Civ. P. 23 on behalf of themselves and the New York Class defined above.

90. The members of the New York Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are more than 40 members of the New York Class.

91. Plaintiffs will fairly and adequately represent and protect the interests of the New York Class because there is no conflict between the claims of Plaintiffs and those of the New York Class, and Plaintiffs' claims are typical of the claims of the New York Class. Plaintiff's counsel is competent and experienced in representing multi-plaintiff wage and hour claims such as this one.

92. There are questions of law and fact common to the proposed New York Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether the Defendants have violated and continue to violate the laws of New York through its policy or practice of not paying its employees for all hours worked, at applicable minimum wages and providing proper and adequate wage notices.

93. Plaintiffs' claims are typical of the claims of the New York Class in the following ways, without limitation: (a) Plaintiffs are members of the New York Class, (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the New York Class, (c) Plaintiffs' claims are based on the same legal and remedial theories as those of the New York Class and involve similar factual circumstances, (d) there are no conflicts between the interests of Plaintiff and the New York Class members; and (e) the injuries suffered by the Plaintiffs is similar to the injuries suffered by the New York Class members.

94. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New York Class predominate over any questions affecting only individual Class Members.

95. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The New York Class is readily identifiable from the Defendants' own employment records. Prosecution of separate actions by individual members of the New York Class would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendants.

96. A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the New York Class members, while substantial, are not great enough to enable them to maintain separate suits against the Defendants. Each individual class member might not have substantial enough damages to justify private counsel bringing an individual claim on behalf of such individual class member. Accordingly, this is the type of case and the type of circumstances for which Rule 23 was enacted.

97. Without a class action, the Defendants will retain the benefit of its wrongdoing, which will result in further damages to the Plaintiffs and the New York Class. Plaintiffs envision no difficulty in the management of this action as a class action.

**FIRST CAUSE OF ACTION**
**(Failure to pay overtime)**
**(Federal- 29 USC 201 et. seq.)**

98. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

99. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiffs.

100. Defendants failed to pay the Plaintiffs overtime wages to which Plaintiffs were entitled under the FLSA and the supporting Federal Regulations.

101. Because of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

102. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendant have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

103. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
**(Failure to pay overtime)**
**(NY STATE)**

104. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

105. The overtime wage provisions of Article 19 of the NYLL and the supporting New York State regulations apply to Defendants and protect the Plaintiffs.

106. Defendants failed to pay the Plaintiffs overtime wages to which Plaintiffs were entitled under the NYLL and the supporting New York State Department of Labor Regulations.

107. By the Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked over 40 hours per workweek, they have willfully violated NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations.

108. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

**THIRD CAUSE OF ACTION**
**(Failure to pay wages)**
**NY Lab. Law §191**

8

109. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

110. Under NY Lab. Law §191, an employer is required to pay an employee within one week of the services performed by the employee.

111. Defendants failed to pay the Plaintiffs their wages as required by NYLL §191 by not paying wages within the statutory time-period.

112. On information and belief, Defendants engaged in an ongoing practice of failing to remit to Plaintiffs all wages due as a result of an unlawful tip-credit, failing to provide a spread of hours premium, not paying overtime wages and minimum wage, and withholding gratuities.

113. Because of Defendants' unlawful withholding of wages, Plaintiffs suffered harm.

### FOURTH CAUSE OF ACTION
### (Failure to provide wage notices)
### (NY Lab. Law §198(1-b) & NY Lab. Law §198(1-d))

114. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

115. Pursuant to the Wage Theft Prevention Act, New York Labor Law, §195, Defendants willfully failed to furnish Plaintiffs with a required notice containing the following information:

   i. the rates or rates of pay and basis thereof,

   ii. whether paid by the hour, shift, day, week, salary, piece, commission or other allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances;

   iii. the regular pay designated by the employer in accordance with NYLL §191;

   iv. the name of the employer;

   v. Any "doing business as" names used by the employer;

   vi. The physical address of the employer's main office or principal place of business, and a mailing address, if different;

   vii. The telephone number of the employer

116. Defendants willfully failed to furnish Plaintiffs with an accurate statement of wages as required by NYLL §195(3), containing the dates of work covered by that payment of wages; name of the employee; name of the employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by hour, shift, day, week, salary, piece, commission, or other; gross wages; hour rate or rates of pay, and overtime rates of pay; the number of hours worked, including over time hours; deductions, allowances, and net wages.

117. Due to Defendants' violation of NYLL §195(1), Plaintiffs are entitled to recover from Defendants liquidated damages of $50 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-b).

118. Defendants failed to provide Plaintiffs a statement with each payment of wages that sets forth Plaintiffs' hours worked, rates of pay, gross wages, credits claimed (for tips, meals and lodging) if any, deductions and net wages.

119. Due to Defendants' violation of NYLL §195(3), Plaintiffs are entitled to recover from Defendants liquidated damages of $250 per each workday that the violation occurred, up to a maximum of $5,000, reasonable attorney fees, and costs and disbursements of this action, pursuant to NYLL § 198(1-d).

### FIFTH CAUSE OF ACTION
### (Failure to pay minimum wage)
### (Federal)
### 29 U.S.C §206

120. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

121. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.,* and the supporting federal regulations, apply to Defendants and protect the Plaintiffs.

122. Defendants failed to pay Plaintiffs minimum wages to which they are entitled under the FLSA and the supporting Federal Regulations.

123. Because of Defendants' unlawful acts, Plaintiffs have been deprived of minimum compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

124. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

125. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SIXTH CAUSE OF ACTION
### (Failure to pay minimum wage)
### (NY STATE)
### 12 N.Y.C.R.R §146-1.2

126. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

127. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State regulations apply to Defendants and protect the Plaintiffs.

128. Defendants failed to pay Plaintiffs minimum wages to which they are entitled under

the NYLL and the supporting New York State Department of Labor Regulations.

129. By Defendants' knowing or intentional failure to pay Plaintiffs minimum wages for hours worked, they have willfully violated NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

130. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## SEVENTH CAUSE OF ACTION
### (Failure to pay Spread of Hours)
### (NY STATE)

131. Plaintiffs repeat, re-allege and reincorporate all allegations as though fully set forth herein.

132. The spread of hours provisions of 12 NYCRR §146-1.6 apply to Defendants and protect the Plaintiffs.

133. Defendants failed to pay Plaintiffs an extra hour of pay at the then prevailing NYS minimum wage rate for each shift they worked that exceeded 10 hours in length.

134. By Defendants' knowing or intentional failure to pay Plaintiffs an extra hour of pay at the then prevailing NYS minimum wage rate for each shift they worked that exceeded 10 hours in length, they have willfully violated 12 NYCRR §146-1.6, and the supporting New York State Department of Labor Regulations.

135. Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest from the Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief:

A. An Order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. §216(b);

B. Prompt notice, pursuant to 29 U.S.C. §216(b), of this litigation to all potential FLSA Class Members;

C. An Order permitting this litigation to proceed as a class action under Fed. R. Civ. P. 23 on behalf of the New York Class;

D. Unpaid wages, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

E. Unpaid wages pursuant to NYLL Art. 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations, and an additional and equal amount as

liquidated damages pursuant to NYLL § 663;

  F.  Unpaid wages pursuant to NYLL §191 and an additional and equal amount as liquidated damages pursuant to the NYLL;

  G.  Unpaid wages pursuant to 12 NYCRR §146-1.6 as and for a spread of hours premium and an equal amount as liquidated damages for each day in which the Plaintiffs worked a shift that spans 10 hours in length or more.

  H.  Statutory damages equal to $50 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a wage notice pursuant to NYLL §198(1-b);

  I.  Statutory damages equal to $250 for each workday up to a maximum of $5,000 for each workday Plaintiff was not provide a statement of wages pursuant to NYLL §198(1-d);

  J.  Pre-judgment interest and post-judgment interest;

  K.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 *et seq.,* NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

  L.  An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein;

  M.  Reasonable attorney fees and costs of the action;

  N.  Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Fed. R. Civ. P., Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: White Plains, New York
December 3, 2020

EL-HAG & ASSOCIATES, P.C

*Jordan El-Hag*

Jordan El-Hag, Esq.
777 Westchester Ave, Suite 101
White Plains, N.Y, 10604
(914) 218-6190 (p)
(914) 206-4176 (f)
Jordan@elhaglaw.com
www.elhaglaw.com
